**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JUAN JOSÉ OJEDA TORRES<br><br>Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>UNITED STATES POSTAL SERVICE<br><br>Defendant | CASE NO.   23-CV-1530<br><br>FEDERAL TORT CLAIMS ACT<br>28 U.S.C.A. §§ 2 ET SEQ.<br><br>PERSONAL DAMAGES AND BODILY INJURY |

**COMPLAINT**

**COMES NOW** Plaintiff, through the undersigning attorney, and respectfully **ALLEGES** and **STATES** as follows:

### I.   JURISDICTION AND VENUE

1. This is a matter involving the Federal Tort Claims Act pursuant to 28 U.S.C.A. §§ 2 et seq., brought by the Plaintiff against the United States of America. This Court has jurisdiction pursuant to 28 U.S.C.A. § 1346(b).

2. Venue is proper in the Federal District Court for the District of Puerto Rico since the actions upon which this Complaint is based occurred in the Municipality of Toa Baja, Puerto Rico.

### II.   PARTIES

3. At the time of filing of the instant *Complaint*, Plaintiff Juan José Ojeda-Torres was a resident of Arenales Bajo, Road 2, Box 10 3-A, Isabela, PR 00662.

4. At all times material to the instant case, Defendant United States of America, through the United States Postal Service (hereinafter, "USPS"), was the employer of the driver (Daniel Rodríguez Ortiz) of the vehicle that impacted plaintiff's vehicle; the vehicle in question was owned by United States

Government, through the USPS (Chev LL, 1990, license plate 1255957); at the times materials of the instant case the employee from the USPS that was driving the vehicle in question was rendering services for and on behalf of the Defendant.

## IV.  FACTUAL BACKGROUND

5. On September 17, 2022, around 10:30 a.m, Plaintiff was riding as a passenger northbound through Road 212 intersection with the Banco Popular entrance.
6. At the aforementioned intersection, the vehicle where Plaintiff was riding as a passenger was violently struck on the passenger side by the vehicle owned by the Defendant and operated by Defendant's employee..
7. At the time of the instant case said employee was rendering services for and on behalf of USPS.
8. As a result of the impact Plaintiff suffered physical traumas, requiring medical assistance and extensive medical treatment.
9. Notwithstanding the medical treatment received, Plaintiff still endure pain and limitations in the affected areas.

## V.     DAMAGES

10. As a direct result of the events described above, Plaintiff suffered damages valued in a sum not lower than $75,000.00.
11. As a direct result of the physical damages mentioned above and the medical treatment received for said physical damages, Plaintiff suffered and continues to suffer emotional damages valued in a sum not lower than $25,000.00.
12. As a direct result of the events described above, Plaintiff developed a permanent physical impairment.  Said damage is valued in a sum not lower than $25,000.00.

## VI.    NEGLIGENCE

13. Defendant is directly and/or indirectly responsible for the damages experienced by Plaintiff as a result of the accident previously described, inasmuch Defendant is the employer of the USPS employee that was the driving the vehicle that

impacted Plaintiff's vehicle; furthermore, Defendant had controlled of the vehicle that the USPS employee was driving the day in question.

14. The collision that gives rise to the instant case was caused by the recklessness, carelessness and/or negligence of the driver behind the wheel of the vehicle that impacted plaintiff's vehicle for that, among other acts and/or omissions, the driver:

    a. Operated the vehicle at a high speed.
    b. Failed to reduce speed to avoid a collision.
    c. Failed to maintain adequate distance between vehicles.
    d. Failed to observe due care and precaution while driving the vehicle.
    e. Failed to keep a proper lookout for vehicles lawfully upon the way;
    f. Failure to approach the traffic with caution; and
    g. In other respects not known to the Plaintiff but which may become known prior to or at the time or trial.

15. All of Plaintiff's loses were, are and will be due solely to and by reason of the carelessness and negligence of Defendant and/or the driver of the vehicle owed by the Defendant, without any negligence or wand of due care on the Plaintiff's part contributing thereto

## VI.   RELIEF SOUGHT

16. As a direct and proximate result of the negligent and/or willful acts and/or omissions of Defendant and given the resulting damages, Plaintiffs request judgment for a sum not lower than $125,000.00, plus interest, cost, and attorney's fees.

**WHEREFORE**, Plaintiff requests judgment against Defendant for the amounts of $125,000.00. Plaintiff is found to be entitled, together with interest, costs, and attorney's fees.

Respectfully submitted,

Dated, October 21, 2023.

**ANTONIO L. IGUINA GONZÁLEZ**
PO Box 361058
San Juan, Puerto Rico 00936–1058
Tel.      (787) 464–7373
Fax      (787) 288–5300
Email    antonioiguina@gmail.com

*s / Antonio L. Iguina-González*

**ANTONIO L. IGUINA GONZÁLEZ, ESQ.**
USDC No.: 224605